# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HILL, | Case No. 1:13-cv-00034-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| JAMES D. HARTLEY, et al., | |
| Defendants. | |
| | (Doc. 9) |

**Second Screening Order**

**I.  Procedural History**

Plaintiff Eugene Hill, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 9, 2013. On October 11, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. Plaintiff filed an amended complaint on December 20, 2013.

**II.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),

(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**III.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at Centinela State Prison in Imperial, California, brings this action against Warden James D. Hartley, Sergeant Cruz, Lieutenant I. C. Aviles, and California Department of Corrections and Rehabilitation Secretary Matthew Cate.[1] Plaintiff's

---

[1] Plaintiff is seeking to impose liability on Defendants Hartley and Cate under a theory of *respondeat superior*, which is not permissible under section 1983, *e.g.*, *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012), but in light of Plaintiff's failure to state underlying claims for violation of the Eighth and Fourteenth Amendments, the Court does not separately address that deficiency.

claims arise from events which occurred while he was at Avenal State Prison in Avenal, California.

Plaintiff alleges that Defendants Avila and Cruz took possession of his personal property and placed it in a "security 'hot room' for storage." (Amend. Comp., p. 3.) On February 29, 2008, Plaintiff had a dispute with Defendants Avila and Cruz over Plaintiff's refusal to send his property home. Defendants Avila and Cruz took the position that if Plaintiff did not send his property home, they had the right to donate it to a charitable cause or destroy it, and Plaintiff took the position that he had the right to have his property stored until he exhausted his administrative remedy. Plaintiff alleges that Defendants Avila and Cruz, maliciously and in disregard of his rights, took possession of Plaintiff's personal property and either donated it or destroyed it, in violation of Plaintiff's rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

### B.     Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). With respect to conditions of confinement, the Eighth Amendment is violated only when prison officials know of and disregarded a substantial risk of serious harm to a prisoner. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's Eighth Amendment claim arising out of the confiscation of his personal property is patently frivolous, and it shall be dismissed, with prejudice. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### C. Due Process Claims

The loss of Plaintiff's personal property – through either donation or destruction – was the alleged result of Defendants Avila and Cruz's intentional wrongdoing. The Due Process Clause does not provide redress for the loss of personal property under circumstances described by Plaintiff. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Furthermore, Plaintiff's assertion that he had a protected liberty interest at stake lacks merit. *Wilkinson v. Austin*, 545 U.S. 209, 221-23, 125 S.Ct. 2384 (2005); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff's due process claims shall be dismissed, with prejudice.

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Based on the nature of the deficiencies, further leave to amend would be futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment against Plaintiff.

IT IS SO ORDERED.

Dated: **May 20, 2014**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

4